UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ALEX IZQUIERDO BUENO,

Defendant.

19-cr-835 (PKC)

ORDER

CASTEL, Senior District Judge:

Defendant moved for a sentence reduction (ECF 49) pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023.  He also moves for a sentence reduction for reasons that he describes as extraordinary and compelling.  18 U.S.C. § 3582(c)(1)(A)(i).  The Court will first address the Amendment 821 prong of his motion and then turn to his application for a reduction based upon extraordinary and compelling reasons.

Amendment 821

Amendment 821, which became effective November 1, 2023, coupled with 18 U.S.C. § 3582(c)(2), permit a reduction in an original sentence based upon the retroactive application of a Guidelines amendment relating to "Status Points" and a "Zero-Point Offender." At the time of sentencing, defendant did not receive an enhancement for committing the offense while under a criminal justice sentence and thus he is not entitled to a "Status Points" adjustment.  With respect to a "Zero-Point Offender" adjustment, he received zero criminal history points and does not fall within one of the designated exceptions to a "Zero-Point Offender" recalculation.  The Court, therefore, proceeds to consider the effect of a recalculation. At the time of original sentencing, his Total Offense Level ("TOL") was TOL 29, and, by reason

of the "Zero-Point Offender" amendment, he is entitled to a two-level reduction to TOL 27. His Original Guidelines range was 87-108 months imprisonment, and his amended Guidelines range is now 70 to 87 months imprisonment.

But defendant received a sentence of principally 68 months imprisonment which is below the amended Guidelines range of 70 to 87 months imprisonment. He is therefore ineligible for a reduction under Amendment 821. See U.S.S.G. § 1B1.10 (Policy Statement) at 2(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.") This conclusion is consistent with the report of the United States Probation Department for this district (ECF 52) indicating that defendant is not eligible for a sentence reduction.

Extraordinary and Compelling Reasons

The Court next considers defendant's motion for a reduction for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

On February 22, 2023, the defendant was sentenced principally to a term of imprisonment of 68 months which was 19 months below the bottom of the Guidelines range. (Minute Entry; ECF 36.) Defendant is a 52-year-old citizen of Ecuador. Defendant was convicted upon his guilty plea to conspiracy to import into the United States five kilograms of cocaine and conspiracy to commit money laundering. He was held criminally responsible for between 15 kilograms and 50 kilograms of cocaine and in attempting to launder approximately $500,000. Defendant was extradited to the United States from Colombia. In conversations with

2

a confidential source, defendant explained that he charged 8% for transferring money from New York to Quito, Ecuador. In connection with the activities of the conspiracy, defendant had multiple meetings in Quito and in Mexico City.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

A Policy Statement issued by the United States Sentencing Commission effective November 1, 2023 present helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons. U.S.S.G. § 1B1.13 (amended eff. Nov 1, 2023). The Guideline addresses in some detail considerations relating to the "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Unusually Long Sentence" and "Other Reasons."

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the

3

extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendant represents that he wrote to the Warden of FCI Fort Dix on September 15, 2023 seeking a sentence reduction for extraordinary and compelling reasons and more than 30 days have elapsed since then. It thus appears that he has satisfied the exhaustion requirement in the statute. 18 U.S.C. § 3582(c)(1)(A).

The Court Does Not Find Extraordinary and Compelling Reasons

In urging a sentence reduction for extraordinary and compelling reasons, defendant relies upon, among other factors, the following: (1) he has a 74 year-old mother for whom he is the sole caregiver and her medical situation has gotten worse and she has no health insurance; (2) he is the sole provider for his wife and son and his wife still suffers from post-COVID 19 symptoms, as well as insomnia and depression; (3) he has not seen his family in over 3 years; (4) he suffers from anxiety and depression and has an excessive fear for his life; (5) he has started having "slight memory loss;" (6) there is extensive asbestos in the buildings of FCI Fort Dix dating to the Korean War and it presents a danger to him; (7) he has rehabilitated himself, including by 1,100 of "programming and work in Picota Jail [in] Colombia" as well as work in the Essex County Jail and programs at FCI Fort Dix; and (8) "if he would have been sentenced earlier he would have earned fully 12-months of [First Step Act] credits" towards release to home confinement or a halfway house. Indeed, these are only some of the issues defendant asserts. He also includes the harshness of his confinement, his remorse and the inequity of his ineligibility for an Amendment 821 reduction.

In the original PSR, his relationship with his mother, then aged 72, was described as "'supportive, loving and caring'" and that her "health is declining (heart disease), and he was

caring for her before his arrest for the instant offense." (PSR ¶ 45.)[1]  When he was a child, his mother was imprisoned for four years on a drug conviction.  (PSR ¶ 47)

In his sentencing submission filed a little over a year ago, the defendant described his unique relationship with his mother in the following terms:

> His mother was incarcerated for four years on a drug conviction. Upon her release she took it upon herself to "kidnap" Mr. Bueno [i.e., the defendant] from his father's home in California and transported him to Mexico where he and his mother lived in secrecy for the better part of four years.  Mr. Bueno had been a straight A student in his early educational years and this turn of events from a personal and educational standpoint placed Mr. Bueno on a less than stable track. After this event his family was torn apart and much of the blame was placed on Mr. Bueno for having gone with his mother to Mexico although he went against his will.

ECF 32 at 2. Though he was said to now enjoy a loving relationship with his mother (PSR ¶ 45), it was also noted by the defendant that "[h]is mother, simply put, was not a proper influence."  (Id.)  Defendant reported having four siblings with whom he enjoys a cordial relationship: two in Los Angeles, one in Qatar and one in Mexico City.  (PSR ¶ 46.) Imprisonment works hardships on all families and it may require that the two other siblings who are at liberty, though also not in the same country as the mother, find a way to assist with her needs.

His wife, a motivational speaker in Quito, is 39-years-old.  (PSR ¶ 48.)  Her Covid condition was raised at the time of sentencing (ECF 32, Ex. D) and is again raised in his motion.  In 2023, she could not be reached by Probation (PSR ¶ 48) but her letter to the Court dated in January 2023 describes herself as having been "in relationship" with him

---

[1] The Court acknowledges that it may consider matters that were considered at the time of original sentencing on an application for a sentence reduction for extraordinary and compelling reasons.  It also considers the cumulative effect of all proffered reasons for a sentence reduction.

5

since 2011.  (ECF 32-6.)  He reports that she has difficulty working and has lost her job.  The Court also recognizes that his separation from his young son is difficult for both the defendant and his son.

His anxiety and depression were raised in the 2023 PSR.  (PSR ¶ 53.)  The Court accepts that these conditions may have worsened to some unspecified extent.

With respect to the presence of asbestos in a BOP facility, the EPA urges the use of a proper Operations and Maintenance Plan.[2]  If and to the extent, the BOP is not maintaining its facilities, defendant has the option of pursuing an administrative remedy.  He has not stated whether he has sought a transfer to another BOP facility.

The Court was fully apprised at the time of sentencing of his difficult time in a Columbia jail and in the Essex County facility.

He complains that if he had been sentenced earlier, he would have been eligible for programs that may have resulted in his release to home confinement or a halfway house.  First, his sentence was set at the time of his guilty plea without objection for February 16, 2023 and was only slightly delayed to February 22, 2023.  Second, as he acknowledges (ECF 49 at 13) his immigration status renders him ineligible for these programs.

The Court fully considers the difficulty to the defendant in his incarceration at a great distance from his mother, wife and son who are suffering in his absence.  But reading and rereading his lengthy submission, the Court concludes that no factor and no combination of factors acting in together warrants a reduction in sentence.

The Court has also considered the section 3553(a) factors and they do not

---

[2] See https://www.epa.gov/asbestos/information-owners-and-managers-buildings-contain-asbestos#om (last accessed May 10, 2024.)

counsel in favor of a sentence reduction. A mere eight months and twenty-three days have elapsed between defendant's sentencing and the filing of his motion for a sentence reduction. The section 3553(a) factors considered at the time of sentencing have not changed to a material extent in the intervening period.

CONCLUSION

        Taking the entirety of defendant's initial and subsequent submissions into account, the Court denies the request for a sentence reduction based upon Amendment 821 and based upon the presence of extraordinary and compelling reasons (ECF 49). His applications for expedited treatment of his application and for the appointment of counsel (ECF 58) are also denied as moot.

        SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: May 14, 2024
New York, New York

COPY MAILED TO:

Alex Izquierdo Bueno
Reg. No. 78064-509
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base/MDL N.J. 08640