UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ALEX IZQUIERDO BUENO,<br><br>                    Defendant. | 19-cr-835 (PKC)<br><br>ORDER |

CASTEL, Senior District Judge:

      The Court is in receipt of defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and his request for the appointment of counsel to assist with the motion. (ECF 61.)

      Defendant was sentenced to principally 68 months' imprisonment on February 22, 2023. (ECF 36.) On May 14, 2024, the Court denied a previous motion by defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines. (ECF 59; ECF 49.) Defendant's instant motion is dated shortly thereafter, on June 26, 2024. Defendant has exhausted his administrative remedies by formally requesting compassionate release through the warden of FCI Fort Dix on May 22, 2024. (ECF 61 at 18.)

      The new information defendant principally highlights in the instant motion is that his conditional First Step Act release date is December 30, 2024, and that he is only seeking a sentence reduction of four months, rather than the eighteen-month reduction he had previously requested. (ECF 61 at 3.) The defendant also informs the Court that his mother's health conditions have worsened as of April 2024 and clarifies that his siblings are unable to provide

care for his mother. In addition, defendant's wife and son have health issues, and defendant attaches letters from both his mother's doctor and his son's doctor, as well as letters from his mother and his wife. He further notes that he will be deported upon completion of his sentence.

Defendant asserts that his request of only four months' reduction in sentence, compared to his previous request of eighteen months' reduction, addresses concerns regarding the "necessity and proportionality of the sentence" and that this reduced request still adequately fulfills the purposes of sentencing by imposing just punishment. (ECF 61 at 3.) This reduced request, however, does not alter the balance of the section 3553(a) factors. Defendant states that his anticipated conditional First Step Act release date is December 30, 2024. (ECF 61 at 3.) Defendant's projected release date on the BOP Inmate Locator website, however, is currently listed as May 20, 2025.[1] This discrepancy in dates, however, does not change the Court's analysis. The Court also took into consideration the other issues highlighted in the defendant's new motion in its denial of his previous motion, including the health issues of defendant's mother, wife, and son and defendant's immigration status.

The Court concludes that the new information brought to the Court's attention in the instant motion does not alter the balance of the section 3353(a) factors, nor does it constitute an extraordinary and compelling reason for a reduction in sentence.

The Court therefore DENIES the defendant's new motion under section 3582(c)(1)(A) and his request for the appointment of counsel for this motion. The Clerk of Court is respectfully requested to terminate the motion (ECF 61).

---

[1] See https://www.bop.gov/inmateloc (last visited July 11, 2024).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: July 11, 2024
      New York, New York